IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| MICHAEL MCDONALD AND QUINTON LYTLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-2511 |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Before the Court is Defendant Marico Flake's ("Flake") July 12, 2013 Motion for Reconsideration of the Court's July 8, 2013 Order Granting in Part and Denying in Part Plaintiffs Michael McDonald and Quinton Lytle's (collectively "Plaintiffs") First Motion to Amend Complaint ("July 8 Order"). (Mot. for Recon., ECF No. 49.)

For the following reasons, Flake's Motion for Reconsideration is DENIED.

### I.   Background

The facts of this case are recited in the Court's July 8 Order. (ECF No. 43.)

### II.   Standard of Review

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Federal Rule of Civil Procedure 54(b) and of Western District of Tennessee Local Rule 7.3.[1] Rule 54(b) states that "any order or decision...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment adjudicating all the claims and all the parties' rights and liabilities." The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to hear motions for reconsideration. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). In the Sixth Circuit, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. Courts in this District rely on Local Rule 7.3 for further guidance. See, e.g., Bullwinkel v. United States DOE, No. 11-1082, 2013 U.S. Dist. LEXIS 25445, at *5-6 (W.D. Tenn. Jan. 17, 2013); Ward v. Shelby Cnty.

---

[1] Flake's Motion does not comply with the requirements of Local Rule 7.2. It includes neither a proposed order nor a certificate of consultation with the parties. W.D. Tenn. R. 7.2(a)(1)(A)-(B). Because no rule would prevent Flake from refiling a conforming motion, and because the Court prefers to expedite the determination of this matter, the Court will consider the Motion.

Sheriff's Dep't, No. 10-02308, 2012 U.S. Dist. LEXIS 118359, at
*4 (W.D. Tenn. Aug. 22, 2012).

Under Local Rule 7.3, "[b]efore the entry of a judgment
adjudicating all of the claims . . . in a case, any party may
move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any
interlocutory order made by that Court." W.D. Tenn. R. 7.3(a).
The moving party must specifically show:

> (1) A material difference in fact or law from that which
> was presented to the Court before entry of the
> interlocutory order for which revision is sought, and
> that in the exercise of reasonable diligence the party
> applying for revision did not know such fact or law at
> the time of the interlocutory order; or
> (2) the occurrence of new material facts or a change
> of law occurring after the time of such order; or
> (3) a manifest failure by the Court to consider
> material facts or dispositive legal arguments that
> were presented to the Court before such
> interlocutory order.

W.D. Tenn. R. 7.3(b); see also Reynolds v. FedEx Corp., No.
09-2692-STA-cgc, 2012 U.S. Dist. LEXIS 172751, at *14 (W.D.
Tenn. Dec. 4, 2012).

"Motions to reconsider . . . are used sparingly and in rare
circumstances." In re Southeastern Milk Antitrust Litig., No.
2:07-CV-208, 2011 U.S. Dist. LEXIS 95784, at *5 (E.D. Tenn. Aug.
25, 2011). Although a court can grant motions to revise its
prior rulings, it "'should not do so in the vast majority of
instances, especially where such motions merely restyle or
reshash the initial issues.'" Id. (quoting White v. Hitachi

3

<u>Ltd.</u>, No. 3:04-CV-20, 2008 U.S. Dist. LEXIS 25240, at *1 (E.D. Tenn. March 20, 2008)).  Local Rule 7.3(c) "specifically prohibits a party from using a Motion for Reconsideration to 'repeat any oral or written arguments made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised.'"  <u>Reynolds</u>, 2012 U.S. Dist. LEXIS 172751, at *15 (quoting W.D. Tenn. R. 7.3(c)).

**III. Analysis**

Flake asks the Court to reconsider its July 8 Order to the extent the Order grants Plaintiffs' Motion to Amend Complaint to add six police officers as defendants for Tennessee common law claims of civil assault and battery, false arrest, and false imprisonment.  (Mot. for Recon.)  He argues that the Plaintiffs' amended state law claims are barred by the one-year statute of limitations in Tenn. Code. Ann. § 28-3-104(a)(3), and that amendment is therefore futile and should be denied.  (<u>Id.</u>)  Flake also argues that the Plaintiffs amended state law claims do not relate back to the date of the filing of the original Complaint because the proposed Defendant Officers did not have notice of the claims against them during the limitation period.  (<u>Id.</u>)

Flake's Motion satisfies neither the requirements of the Sixth Circuit nor the requirements of Local Rule 7.3, and reconsideration of the Court's July 8 Order is unwarranted.

4

Flake does not allege that since the entry of the July 8 Order there has been an intervening change of controlling law, that new evidence has become available, or that the there is a need to correct a clear error or prevent manifest injustice resulting from the July 8 Order.  (See generally Mot. for Recon.); Rodriguez, 89 F. App'x at 959.

Even if Flake had satisfied the Sixth Circuit requirements, Local Rule 7.3 is explicit, "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule.  Motions to reconsider interlocutory orders are not otherwise permitted." W.D. Tenn. L.R. 7.3(a) (emphasis added).  As stated above, there are only three permissible grounds for reconsideration in Rule 7.3(b), and Flake's submission fails to "specifically show" any of them.  Id. at 7.3(b).

First, Flake does not allege "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the  time of the interlocutory order." Id. at 7.3(b)(1).  Flake did not present any factual or legal arguments directed to Plaintiffs' Motion, insofar as it sought to add Tennessee common law causes of

action, before the entry of the July 8 Order.  More importantly, all of the substantive arguments Flake made in his Motion are based on law and facts that were available to him at the time of the Order, and he does not attempt to show otherwise.  (See generally Mot. for Recon.; Mot. for Recon. Exhibits; ECF No. 49-1, 49-2.)  Flake's Motion is merely a vehicle to state arguments in opposition to Plaintiffs' Motion to Amend that he chose not to make previously.

Second, Flake does not show "the occurrence of new material facts or a change of law occurring after the time of such order."  W.D. Tenn. L.R. 7.3(b)(2).  He does not allege that there have been any such changes and, as stated above, relies exclusively on facts and precedent that were available to him at the time the July 8 Order was entered.

Third, Flake does not show "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." Id. at 7.3(b)(3).  Flake did not previously present any of the arguments that he seeks to have the Court consider now and does not attempt to show that the Court failed to consider any facts or arguments timely presented by the Plaintiffs.

**IV.  Conclusion**

For the foregoing reasons, Flake's Motion for Reconsideration of the Court's July 8 Order is DENIED.

6

So ordered this 15th day of July, 2013.

s/ Samuel H. Mays, Jr.___
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
