IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

_____                _____

MICHAEL MCDONALD AND
QUINTON LYTLE,

     Plaintiffs,

vs.                                                                                    Docket No. 2:12-cv-2511

CITY OF MEMPHIS,
MARICO FLAKE, INDIVIDUALLY AND
CITY OF MEMPHIS POLICE OFFICER,
AND JOHN DOES 1-5, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
CITY OF MEMPHIS POLICE OFFICERS,

     Defendants.

_____

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AMENDED MOTION TO CERTIFY
DEFENDANT MARICO FLAKE'S INTERLOCUTORY APPEAL AS FRIVOLOUS AND
PROCEED TO TRIAL, AND FOR EXPEDITED BRIEFING SCHEDULE

_____

COME NOW, Plaintiffs Michael McDonald and Quinton Lytle (hereinafter the "Plaintiffs"), pursuant to the Federal Rules of Civil Procedure, and respectfully submit this Memorandum in Support of Plaintiffs' Motion to Certify Defendant Marico Flake's Interlocutory Appeal as Frivolous.

Defendant Marico Flake's Interlocutory Appeal[1] of the Court's Order on the Defendants' Motion for Summary Judgment is <u>frivolous</u> pursuant to applicable law because the Court's denial of Defendant Flake's Motion for Summary Judgment was

---

[1] D.E. 125.

clearly based on numerous disputes as to material facts.  The Plaintiffs submit that this case should be permitted to trial on October 20, 2014.


## **LAW**

In 1985, the Supreme Court ruled in *Mitchell v. Forsyth* that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."[2] However, the Supreme Court in *Forsyth* emphasized that "the appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law."[3]

In *Kennedy v. City of Cleveland*, the Sixth Circuit ruled that *Forsyth* appeals are "subject to the same rules of waiver and procedural default as have been traditionally applied to other cases."[4]  The impetus behind this ruling was the realization that *Forsyth* appeals "are of course subject to abuse. Even when employed in good faith, [such appeals] are bound to create delay and inconvenience both to the plaintiff and to the court."[5]

In *Apostol v. Gallion*, the Seventh Circuit ruled that a district court retains jurisdiction over a § 1983 case when a *Forsyth* appeal is frivolous.[6]  The Seventh Circuit, like the Sixth Circuit in *Kennedy*, was moved to this action by the potential for

---

[2] *Mitchell v. Forsyth*, 472 U.S. 511, 530, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985).
[3] *Id.* at 528 n.9.
[4] *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986).
[5] *Id.* n1
[6] *Apostol v. Gallio*n, 870 F.2d 1335, 1339 (7th Cir. 1989).

2

abuse and needless delay inherent in the *Forsyth* doctrine.[7] The *Apostol* court urged district courts not to sit idly by as a frivolous appeal goes up, but rather to "certify to the court of appeals that the appeal is frivolous and get on with the trial."[8] The *Apostol* court reasoned that, "if the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks."[9] The power of district courts to certify an interlocutory appeal as frivolous should be used to "cut[] short the deleterious effects of unfounded delays."[10]

Several Circuit Courts, including the Sixth Circuit, have adopted the reasoning of the Seventh Circuit in the *Apostol* case.[11] In *Yates v. City of Cleveland*, Sixth Circuit made clear that a *Forsyth* appeal would not be considered where a district court has explicitly found the appeal to have been waived or to be frivolous.[12] The Sixth Circuit cited with approval the holding in *Apostol* which, in order to prevent *Forsyth* appeals from becoming an "entitlement to block the trial", permits the "district court to certify an appeal as frivolous and begin the trial."[13] In *Yates*, the Sixth Circuit emphasized that "although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due."[14]

---

[7] See *id.* at 1338-39.
[8] *Id.* at 1339.
[9] *Apostol*, 870 F.2d at 1339.
[10] *Id.*
[11] See *Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991); see also *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (agreeing with *Apostol* and adopting similar reasoning from earlier Ninth Circuit double jeopardy case); *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) (adopting the Apostol reasoning).
[12] *Yates*, 941 F.2d at 449.
[13] *Apostol*, 870 F.2d at 1339; *Yates*, 941 F.2d 449-449.
[14] *Yates* at 449 (quoting *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990)).

Thus, after *Yates*, a limitation applies to *Forsyth* appeals within the Sixth Circuit:

they must not be frivolous.

The Sixth Circuit in *Yates v. Cleveland* cited the Seventh Circuit's reasoning in

*Apostol* and noted that delaying a trial in order to allow a defendant to appeal a denial of

qualified immunity prolongs the process, often to the disadvantage of the plaintiff:

> During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined.
>
> Most deferments will be unnecessary. The majority of *Forsyth* appeals -- like the bulk of all appeals -- end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal. Proceedings masquerading as *Forsyth* appeals but in fact not presenting genuine claims of immunity create still further problems.[15]

Notwithstanding the discretion afforded to district courts to certify interlocutory appeals

of qualified immunity rulings as frivolous, Circuit Court of Appeals retain the right to

dismiss any interlocutory appeal for lack of jurisdiction where the appeal does not raise

purely legal issues, such as what law was "clearly established" at the time the defendant

allegedly acted unconstitutionally.    However, such a dismissal does not mitigate the

dilatory effect of a frivolous interlocutory appeal on a trial.

For example, in *Jones v. Yancy*,[16] the Sixth Circuit considered whether it had

jurisdiction over the appeal of Memphis Police Officers – represented by the same

attorneys as Defendant Marico Flake in the case at bar.   The Memphis Police Officers

---

[15] *Apostol*, 870 F.2d at 1338-39.
[16] 420 Fed. Appx. 554 (6th Cir. 2011).

4

were denied summary judgment and filed an interlocutory appeal on the issue of qualified immunity.  Like the case at bar, the two versions of the excessive force claim against Officer Jones were "diametrically opposed versions of what occurred."[17] Notwithstanding the material factual disputes rending summary judgment inappropriate, the Police Officers filed an interlocutory appeal on September 23, 2010.  At the time of the appeal, the trial in the case was scheduled for December 20, 2010; however, because of the filing of the interlocutory appeal by the Police Officers, the trial was administratively stayed.[18]  On April 25, 2011 – seven (7) months after the appeal was filed, the Sixth Circuit ruled that it lacked jurisdiction over the case because it "depends entirely on a disputed version of the facts" and dismissed it.[19]

District Courts in the Sixth Circuit have acted to prevent the potential dilatory effects that follow from *Forsyth* appeals by certifying interlocutory appeals dependent on disputed facts as frivolous and permitting the plaintiffs to proceed to trial.  For example in *Robinson v. Barrow*,[20] the District Court for the Northern District of Ohio granted the plaintiff's motion to certify the defendant officers' interlocutory appeal as frivolous and denied the defendants' motion to stay because "The 'legal issues' that the Defendants' claim they will pursue on appeal also depend on the 'particularized circumstances presented in this case'—circumstances on which the parties do not agree."

---

[17] *Id.* at 556.
[18] *See* Exhibit A (Notice of Re-Setting) and Exhibit B (Order Staying Proceedings and Closing Case Administratively).
[19] *Jones* at 555, 558.
[20] 2012 U.S. Dist. LEXIS 38896, 5-6 (N.D. Ohio Mar. 22, 2012) (attached hereto as Exhibit C).

In *Dickerson by & Through Stephens v. McClellan*,[21] the District Court for the Middle District of Tennessee certified the defendant officers' interlocutory appeal as frivolous based on the same material factual disputes that precluded summary judgment and permitted the parties to proceed to trial.  The District Court provided a thoughtful explanation of its reasoning and understanding of the certification of frivolous appeals:[22]

> It follows from this case law that if in the district court's judgment there are true factual disputes that must be resolved at trial, or if there is no genuine dispute about the inappropriateness of qualified immunity, a *Forsyth* appeal should be certified as frivolous. However, if the district court cannot say that the law is "clearly established" within the definition of that phrase or that the undisputed actions of the officers were unreasonable under clearly established law, then the appeal is not frivolous. It is only if there is no dispute about the actions of the officers and these actions were unreasonable under the established law, or if there is a dispute about the actions of the officers and these disputes go the reasonableness of the actions, that the appeal should be deemed frivolous in a § 1983 case based on Fourth Amendment violations. In the former case, the appellate court can provide valuable guidance to the district court in judging the status of the law or actions of the defendant. In the latter case, the appellate court can provide no assistance simply because crucial facts remain to be decided, and such factfinding is the province of the trial judge or jury.

## **ARGUMENT**

In the Order in which it denied Defendant Flake's Motion for Summary Judgment,[23] this Court ruled that Defendant Flake was not entitled to summary judgment upon finding that "questions of material fact are undoubtedly present in this

---

[21] 844 F. Supp. 391 (M.D. Tenn. 1994).  The District Court also dismissed the defendants' appeal, but this aspect of its ruling was vacated by the Sixth Circuit at *Dickerson v. McClellan*, 37 F.3d 251 (6th Cir. Tenn. 1994).

[22] *Dickerson by & Through Stephens v. McClellan*, 844 F. Supp. 391, 395 (M.D. Tenn. 1994).

[23] *See* D.E. 114.

6

instance."[24]   The Court specifically noted numerous material factual disputes which preclude summary judgment in favor of Defendant Flake:

> There is, however, a factual dispute as to the manner by which the investigation was conducted and what transpired after their initial interaction, including whether Plaintiffs' actions gave probable Officer Flake probable cause to initiate their arrest.[25]

> There is a factual dispute as to who initiated the confrontation between the parties and the string of events that followed Officer Flake's initial Questions of Plaintiffs.[26]

> There remains a legitimate factual dispute over whether Officer Flake's use of force was objectively reasonable, given the totality of the circumstances surrounding the arrest.[27]

> …there is also a question as to whether Officer Flake knew that, if he pursued the Plaintiffs, his fellow officers, who had been drinking alcohol, would come to his aid and use excessive force, and whether he could have prevented it from happening.[28]

The Court ultimately concluded that the Plaintiffs' account of the July 4th incident was materially different than the account provided by Defendant Flake and other police officers.   Specifically, the Court ruled that "[t]he narratives are irreconcilable and the question of whether probable cause existed is a factual dispute in this matter that is inappropriately decided at the summary judgment stage."[29]

The Court also held that there remains a "legitimate factual dispute" over whether Officer Flake used excessive force.[30]   The Court noted that the discrepancies include whether the Plaintiffs tried to walk away from Flake, whether Flake had been drinking

---

[24] D.E. 114, p. 13.
[25] D.E. 114, p. 7-8.
[26] D.E. 114, pg. 8.
[27] D.E. 114, p. 10.
[28] D.E. 114, p. 10.
[29] D.E. 114, p. 8.
[30] D.E. 114, pg. 10.

7

alcohol beforehand, and whether Flake had the ability to stop the other officers who joined in the altercation with the Plaintiffs.  The Court concluded by saying that the "Defendants have failed to demonstrate the lack of the existence of questions of material fact . . . ."[31]

The Court even relied on the dispute of fact in determining that Flake was not entitled to qualified immunity.  The Court determined that the question of whether the rights Flake violated were clearly established turned on what actions Flake actually committed.[32]  Because those alleged actions are in dispute, the matter could not be resolved based on the legal question alone.

### Conclusion

Based on the foregoing, Plaintiffs respectfully request that this Court certify Defendant Marico Flake's interlocutory appeal as frivolous and permit the parties to proceed to trial.  In light of the proximity of the trial, Plaintiffs also request an expedited briefing schedule for this motion.

---

[31] D.E. 114, pg. 11.
[32] See D.E. 114, pg. 13-14.

8

Respectfully submitted,

SPENCE LAW FIRM, PLLC

s/ Robert L. J. Spence, Jr.
Robert L. J. Spence, Jr. (BPR# 12256)
Bryan M. Meredith (BPR 26876)
One Commerce Square, Suite 2200
Memphis, Tennessee  38103
(901) 312-9160 (ofc.)
(901) 521-9550 (fax.)
rspence@spence-lawfirm.com
bmeredith@spence-lawfirm.com

*Attorneys for Plaintiffs*

HALBERT E. DOCKINS, JR. (BPR #22374)
6520 Dogwood View Parkway, Suite B
Jackson, Mississippi 39213
(601) 713-2223
(601) 713-2225 Facsimile

*Attorney for Plaintiff Michael McDonald*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Clerk via the ECF System, which forwarded electronic notification of the filing to the following:

Barbaralette G. Davis
Assistant City Attorney
125 N. Main St. Room 336
Memphis, TN 38103

Henry L. Klein
Richard J. Myers
Apperson Crump, PLC
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119

Deborah Godwin
Mary Elizabeth McKinney
50 North Front Street, Suite 800
Memphis, Tennessee 38103

this 10th day of  October 2014.


 s/ Robert L. J. Spence, Jr.